MOTOR VEHICLE ACCIDENT INDEMNIFICATION CORPORATION, Appellant, *v.* SANTIAGO VELEZ et al., Respondents.

First Department, November 9, 1961.

*Carl Radin* of counsel (*Norbert Ruttenberg* with him on the brief; *Friedlander & Gaines,* attorneys), for appellant.

*Wilbur Talisman* of counsel (*Jawitz & Jawitz,* attorneys), for respondents.

*Per Curiam.* We are again presented with a question of the scope of arbitration provisions of a New York Automobile Accident Indemnification Indorsement required in every policy insuring loss resulting from liability imposed by reason of the operation, ownership or maintenance of a motor vehicle (Insurance Law, § 167, subd. 2-a). Such an indorsement must provide that the insurer contracts on behalf of the Motor Vehicle Accident Indemnification Corporation (MVAIC), established by article 17-A of the Insurance Law, for the payment of losses not exceeding specified amounts, which the insured "shall be entitled to recover as damages from an owner or operator of an uninsured motor vehicle, unidentified motor vehicle which leaves the scene of an accident, a motor vehicle registered in this state as to which at the time of the accident there was not in effect a policy of liability insurance, a stolen vehicle, a motor vehicle operated without permission of the owner, an insured motor vehicle where the insurer disclaims liability or denies coverage

or an unregistered vehicle because of bodily injury, sickness or disease, including death resulting therefrom, sustained by the insured, caused by accident occurring in this state and arising out of the ownership, maintenance or use of such motor vehicle." (Insurance Law, § 167, subd. 2-a.)

Under subdivision (b) of 606 of the Insurance Law, MVAIC is given the power to prescribe — subject to the approval of the Superintendent of Insurance — the indorsement form embodying the coverage required by section 167 of the Insurance Law. Such a form of indorsement is now uniformly used in automobile liability insurance policies. Condition No. 6 of the indorsement provides: " 6. Arbitration: If any person making claim hereunder and MVAIC do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this endorsement, then, upon written demand of either, the matter or matters upon which such person and MVAIC do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and MVAIC each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this endorsement."

Thus, the indorsement provides for arbitration upon two matters viz., whether the insured " is legally entitled to recover damages from the owner or operator of an uninsured automobile " and the amount of the damages.

There has been some confusion in decisions at Special Term as to what were arbitrable issues on the question of legal liability. This court has repeatedly held that the arbitration provision of the indorsement is not limited to the issues of negligence and damages. In *Matter of Zurich Ins. Co. (Camera)* (14 A D 2d 669), we specifically refused to follow the contrary ruling in the Third Department (*Matter of Phœnix Assur. Co. of N. Y.* [*Digamus*], 9 A D 2d 998) and held that the scope of the arbitration clause reaches all issues of fact and law pertaining to legal liability of the insurer arising under the indorsement and other terms of the policy. In that case the issue was whether the accident involved an uninsured automobile.

In *Matter of Bankers & Shippers Ins. Co. of N. Y. (Schaefer)* (10 A D 2d 573, motion for leave to appeal denied 10 A D 2d 625) we held that the question of whether an automobile was

uninsured fell within the ambit of the arbitration clause. (See, also, *Matter of Exchange Mut. Ins. Co. [Scandura]*, 17 Misc 2d 496, affd. 8 A D 2d 799.)

In the instant case, the claimant charges that the accident occurred as the result of the operation of a "hit and run" automobile. Under the indorsement (Condition, § II, subd. [c]) a "hit-and-run" automobile is defined as one in which "the identity of either the operator or the owner" of the vehicle cannot be ascertained. The insured claims that the identity of the operator of the vehicle cannot be ascertained, although the owner is known. Therefore, since a question of legal liability, i.e., the eligibility of the claimant to recover, is presented, we conclude that such an issue is one which is arbitrable under the indorsement.

The order should therefore be affirmed, with costs.

BOTEIN, P. J., BREITEL, RABIN, VALENTE and McNALLY, JJ., concur.

Order entered on July 24, 1961 unanimously affirmed, with $20 costs and disbursements to the respondents.